MOLLY MALONE REZAC, ESQ.
Nevada Bar No. 007435
JUSTIN J. BUSTOS, ESQ.
Nevada Bar No. 010320
JONES VARGAS
300 East Second Street
Suite 1510
Reno, NV 89501
Tel: (775) 786-5000
Fax: (775) 786-1177
E-Mail: mrezac@jonesvargas.com
jbustos@jonesvargas.com

JAMES B. MONROE, ESQ. (*pro hac vice*)
JUSTIN J. HASFORD, ESQ. (*pro hac vice*)
FINNEGAN HENDERSON FARABOW
GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC 20001-4413
Tel: (202) 408-4000
Fax: (202) 408-4400

*Attorneys for Plaintiff Ferring B.V.*

```
___ FILED         ___ RECEIVED
___ ENTERED       ___ SERVED ON
              COUNSEL/PARTIES OF RECORD

           NOV - 8 2011

       CLERK US DISTRICT COURT
          DISTRICT OF NEVADA
BY: _____ DEPUTY
```

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| FERRING B.V., | Case No.: 3:11-cv-00481-RCJ-VPC |
| Plaintiff, | |
| v. | **STIPULATED PROTECTIVE ORDER** |
| WATSON LABORATORIES, INC. - FLORIDA, | |
| Defendant. | |

Pursuant to Federal Rule of Civil Procedure 26(c), Plaintiff Ferring B.V. ("Ferring") and Defendant Watson Laboratories, Inc. - Florida ("Watson"), through their respective counsel, hereby stipulate and agree that discovery in this Civil Action ("Action") may involve the

1

disclosure of certain documents, things and information that constitute or contain trade secrets or other confidential research, development or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), which must be protected in order to preserve legitimate business interests. Accordingly, good cause exists for the entry of this Protective Order pursuant to Fed. R. Civ. P. 26(c) to protect against improper disclosure or use of confidential information produced or disclosed in this case. Ferring and Watson therefore further stipulate and agree, subject to the approval of the Court, that the terms and conditions of this Stipulated Protective Order shall govern the handling of documents, depositions, pleadings, exhibits and all other information exchanged by the parties in this Civil Action, or provided by or obtained from non-parties in this Action.

## SCOPE

1. This Stipulated Protective Order shall apply to all documents, depositions, pleadings, exhibits and all other material or information subject to discovery in this Action, including responses to requests for production of documents, answers to interrogatories, responses to requests for admissions, deposition testimony, expert testimony and reports, and all other discovery taken pursuant to the Federal Rules of Civil Procedure, matters in evidence and any other information hereafter furnished, directly or indirectly, by or on behalf of any party, non-party or witness in connection with this Action ("Discovery Material").

2. As used herein, "Producing Party" shall refer to any party to this Action and to any non-party who produces Discovery Material, and "Receiving Party" shall refer to any individual who properly receives, is shown or is exposed to Discovery Material.

///

///

2

## DESIGNATION

3. Any Producing Party may designate Discovery Material as "CONFIDENTIAL" in accordance with this Stipulated Protective Order if such party in good faith believes that such Discovery Material contains CONFIDENTIAL information as defined in Paragraph 4. Any Producing Party may further designate Discovery Material as "HIGHLY CONFIDENTIAL" in accordance with this Stipulated Protective Order if such party in good faith believes that such Discovery Material contains HIGHLY CONFIDENTIAL information as defined in Paragraph 4. HIGHLY CONFIDENTIAL Discovery Material is a subset of CONFIDENTIAL Discovery Material, and, accordingly, all references to CONFIDENTIAL Discovery Material in the remaining provisions of this Stipulated Protective Order encompass HIGHLY CONFIDENTIAL Discovery Material unless otherwise noted. The burden of establishing that Discovery Material is CONFIDENTIAL as defined herein shall be on the Producing Party. The designation of any Discovery Material as CONFIDENTIAL shall be deemed effective unless and until the Court orders otherwise or the Producing Party withdraws the designation.

4. As used herein, CONFIDENTIAL Discovery Material refers to information that a Producing Party claims to be proprietary business information or technical information relating to a trade secret or other confidential research, development or commercial information within the meaning of Fed. R. Civ. P. 26(c). As used herein, HIGHLY CONFIDENTIAL Discovery Material refers to information that a Producing Party reasonably believes could be used in formulation, research, development, patent prosecution or regulatory work regarding tranexamic acid to the competitive disadvantage of the Producing Party or that contains personal data within the sense of the European Union Data Protection Directive and/or the laws of any European

3

country. Information to be treated under this Protective Order as CONFIDENTIAL shall include but not be limited to:

(a) Information set forth in responses to discovery requests made under Fed. R. Civ. P. 31, 33 or 36, or in documents produced under Fed. R. Civ. P. 33(d) or 34, provided that, prior to delivery to the Receiving Party, the responses or copies of documents are marked by the Producing Party with the following legends or their substantial equivalents: "CONFIDENTIAL (or HIGHLY CONFIDENTIAL)" or "CONFIDENTIAL (or HIGHLY CONFIDENTIAL) - SUBJECT TO STIPULATED PROTECTIVE ORDER - *Ferring B.V. v. Watson Laboratories, Inc. - Florida*, Case No. 3:11-cv-00481-RCJ-VPC." Documents and/or information may be made available for inspection without designation and designated subsequently at the time of production.

(b) Information revealed by inspection of things and premises under Fed. R. Civ. P. 34, provided that, prior to and at any time up to thirty (30) calendar days after the inspection, the party permitting inspection specifically identifies in writing the CONFIDENTIAL Discovery Material that will be or that was disclosed by the inspection. To ensure that the Producing Party has the full thirty (30) calendar days to make appropriate designations, all information gleaned from inspection of things and premises will be automatically treated as HIGHLY CONFIDENTIAL Discovery Material for thirty (30) calendar days after the day of inspection. There shall be no waiver of confidentiality by the inspection of CONFIDENTIAL Discovery Material before it is copied and marked pursuant to this Order. Inspection of Discovery Material by any party shall be conducted by persons eligible under Paragraph 11 below.

(c)   Information revealed during a deposition upon oral or written examination under Fed. R. Civ. P. 30, for twenty (20) calendar days following receipt of the final transcript by counsel for the Producing Party, but not thereafter unless, before the twenty (20) calendar day period has expired, counsel for the Producing Party notifies counsel for the Receiving Party in writing that CONFIDENTIAL Discovery Material is set forth in the transcript and specifies in writing the portions of the transcript that disclose CONFIDENTIAL Discovery Material, or during the deposition, counsel for the Producing Party or any other party designates the transcript or portions thereof to be CONFIDENTIAL Discovery Material. The legend described in Paragraph 4(a) shall be placed on the front of any deposition transcript, and if videotaped, any copies of the videotape, containing CONFIDENTIAL information.

5.   To the extent that any party wishes to file or submit for filing as part of the Court record any materials subject to this Stipulated Protective Order, or any pleading, motion or memorandum referring to them, the party wishing to do so shall first caused to be filed a motion for leave to file such materials under seal. The party seeking leave to file CONFIDENTIAL Discovery Material under seal shall provide copies of those materials proposed to be filed under seal to the Clerk of the Court in an envelope marked "PROPOSED TO BE FILED UNDER SEAL" along with the date, docket number and title of the related motion for leave to file under seal. The party seeking to file materials under seal bears the burden of overcoming the presumption in favor of public access to papers filed in Court, but any other party may file papers and/or present arguments in support of the need for the materials at issue to be filed under seal. Leave need not be obtained in order to redact personal data or account numbers from any materials filed with the Court.

///

## USE

6.    Discovery Material designated CONFIDENTIAL under this Stipulated Protective Order may be used only for purposes of this litigation and any appeal therefrom, and shall not be used for any other purpose including, but not limited to, any business, proprietary, commercial, governmental or other legal purpose, including in connection with any other litigation, arbitration or claim. Nothing in this Stipulated Protective Order precludes a Producing Party from using or disseminating its own CONFIDENTIAL information.

7.    During the course of preparing for a deposition or trial, unless otherwise entitled to access under this Protective Order, a fact deponent or witness may be shown CONFIDENTIAL Discovery Material of another party or third party if, and only if, the Discovery Material reveals on its face that the deponent or witness authored or received the Discovery Material in the ordinary course of business and outside the context of this litigation. Nothing in this Paragraph shall preclude a Producing Party from showing Discovery Material that it has produced to its own deponent or witness, regardless of whether the Producing Party has designated the Discovery Material it produced as CONFIDENTIAL, and regardless of whether such deponent or witness is an author or recipient of the Discovery Material.

8.    During the course of a deposition or trial, unless otherwise entitled to access under this Protective Order, a fact deponent or witness may be shown CONFIDENTIAL Discovery Material of another party or third party, if and only if, the Discovery Material reveals on its face that the deponent or witness authored or received the Discovery Material in the ordinary course of business and outside the context of this litigation, or alternatively if foundation testimony or other Discovery Material establishes that the deponent or witness authored or received the Discovery Material in the ordinary course of business and outside the

context of this litigation. A fact deponent or witness who is an officer, director or employee of a Producing Party may be shown any CONFIDENTIAL Discovery Material of the Producing Party of which he or she is an officer, director or employee.

9. All Discovery Material designated CONFIDENTIAL shall be protected from disclosure as specified herein, unless a party obtains an Order of the Court declaring that all or certain portions of such Discovery Material are not, in fact, protected.

10. Third parties may designate as CONFIDENTIAL transcripts of depositions of their witnesses and any documents or information they produce, whether voluntarily or by subpoena, to the same extent and in the same manner as parties to this Action, and any such Discovery Material shall be treated by parties to this Action in the same manner as materials and information so designated by a party. Third parties shall have the same rights and obligations under this Stipulated Protective Order as parties and may move the Court to enforce the provisions of this Stipulated Protective Order.

## DISCLOSURE

11. Unless otherwise directed by the Court or authorized in writing by the Producing Party, Discovery Material designated as CONFIDENTIAL may be disclosed by the Receiving Party only to the following persons:

(a) any outside counsel of record in this Action, including any attorneys employed by firms of record even if not otherwise identified specifically on pleadings;

(b) three designated in-house counsel who, because of their duties and responsibilities, require access to Discovery Material designated as CONFIDENTIAL, provided that any such in-house counsel who receives HIGHLY CONFIDENTIAL Discovery Material has no responsibilities related to any formulation, research or development work regarding

7

tranexamic acid, does not engage, formally or informally, in any patent prosecution relating to tranexamic acid, or any FDA counseling, litigation, or other work before or involving FDA (including, but not limited to citizen's petitions) or any similar correspondence in any foreign country regarding approval requirements for any product containing tranexamic acid, except where such correspondence is in response to any inquiry from the FDA regarding a party's own NDA or ANDA, and provided that any such in-house counsel has been identified to the opposing party at least seven (7) calendar days prior to such disclosure;

(c)   support personnel for counsel identified in Paragraphs 11(a) and 11(b), such as law clerks, analysts, paralegals, litigation assistants, secretaries and support staff;

(d)   any outside expert or consultant who is expressly retained or sought to be retained by counsel identified in Paragraph 11(a) to assist in the preparation of this Action for trial, with disclosure only to the extent necessary to perform such work;

(e)   any court reporter, shorthand reporter or typist recording or transcribing testimony;

(f)   service contractors such as document copy services, trial technology consultants, jury consultants and graphic artists;

(g)   personnel of the Court and all appropriate courts of appellate jurisdiction; and

(h)   any other person agreed to by the Producing Party in writing.

CONFIDENTIAL Discovery Material shall not be disclosed to any person described in Paragraphs 11(d), (f) or (h) unless and until such person has executed the Declaration and Undertaking to Be Bound by Stipulated Protective Order in the form attached as Exhibit A. CONFIDENTIAL Discovery Material shall not be disclosed to any person unless

such person is authorized to receive CONFIDENTIAL Discovery Material pursuant to Paragraph 11 of this Stipulated Protective Order.

12. As a condition precedent to disclosure of CONFIDENTIAL Discovery Material, at least seven (7) calendar days before the disclosure of any CONFIDENTIAL Discovery Material of any Producing Party is made to an individual described above in Paragraphs 11(d) or (h), counsel for the Receiving Party shall serve a Notice on the Producing Party identifying the individual by name and including a *curriculum vitae* or equivalent resume disclosing the individual's employment history, past or present relationship with any of the parties, all consulting engagements during the past five (5) years and an executed acknowledgement from the individual to whom the disclosure is to be made, in the form of Exhibit A attached hereto. Prior to disclosure of any CONFIDENTIAL Discovery Material produced by another party, the other party shall have seven (7) calendar days from receipt of the executed acknowledgement and *curriculum vitae* or resume to object to such disclosure. In the event of an objection to the proposed disclosure, the parties shall promptly confer in good faith to resolve the concerns giving rise to the objection. If the parties are unable to reach agreement regarding such disclosure, the objecting party must notify the Court on an expedited basis, and in no event later than fifteen (15) calendar days after receipt of the executed acknowledgement and *curriculum vitae* or resume. The burden shall be on the objecting party to demonstrate to the Court why the proposed disclosure should not be made. CONFIDENTIAL Discovery Material shall not be disclosed to such an individual pending the Court's resolution of the dispute. The foregoing seven (7) and fifteen (15) calendar day periods may be extended by agreement of the parties or by Order of the Court.

9

13. The recipient of any CONFIDENTIAL Discovery Material that is provided under this Stipulated Protective Order shall maintain such information in a secure and safe area and shall exercise reasonable and proper care with respect to the storage, custody, use and/or dissemination of such information.

### EXEMPTED MATERIALS

14. The Receiving Party may seek to remove the confidentiality restrictions set forth herein on the ground that information designated CONFIDENTIAL does not fall within the definitions of CONFIDENTIAL set forth in Paragraphs 3 and 4 above. In such event, the Producing Party shall have the burden of proof of establishing that Discovery Material challenged under this Paragraph constitutes CONFIDENTIAL Discovery Material as defined in Paragraphs 3 and 4.

15. None of the provisions of this Stipulated Protective Order shall apply to the following categories of documents or information, and any party may seek to remove the restrictions set forth herein on the ground that information designated as CONFIDENTIAL has/had been:

(a) available to the public at the time of its production hereunder;

(b) available to the public after the time of its production through no act, or failure to act, on behalf of the Receiving Party, its counsel, representatives or experts;

(c) known to the Receiving Party, or shown to have been independently developed by the Receiving Party, prior to its production hereunder without use or benefit of the information;

(d) obtained outside of this Action by the Receiving Party from the Producing Party without having been designated as CONFIDENTIAL; provided, however, that this provision does not negate any pre-existing obligation of confidentiality; and/or

(e) previously produced, disclosed or provided by the Producing Party to the Receiving Party or any third party without an obligation of confidentiality.

While the Producing Party has the burden of proof of establishing that Discovery Material is CONFIDENTIAL as set forth in Paragraph 14, the Receiving Party shall have the burden of proof to establish that any otherwise valid claims of confidentiality have been vitiated based on any of the grounds set forth in Paragraph 15.

## INADVERTENT PRODUCTION/DESIGNATION

16. The inadvertent production of a document subject to attorney-client privilege or work product immunity will not waive attorney-client privilege or work product immunity. In addition, the fact that a document was inadvertently produced shall not be used in any manner as evidence in support of any alleged waiver of attorney-client privilege or work product immunity. If a party has inadvertently produced a document subject to a claim of attorney-client privilege or work product immunity, upon request, the document and all copies thereof shall be returned promptly, and in no event later than five (5) calendar days, after a request is made by the Producing Party, as required by Fed. R. Civ. P. 26(b)(5)(B). Moreover, any notes or summaries, other than those expressly permitted under this section, referring to or relating to any such inadvertently produced document subject to a claim of attorney-client privilege or work product immunity shall be destroyed. Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, address(es) and other such information as is reasonably necessary to identify the document and generally describe its nature to the Court in

any motion to compel production of the document. Such a record of the identity and nature of a document may not be used for any purpose other than preparation of a motion to compel in this Action. After return of the document(s), the Receiving Party may challenge the Producing Party's claim(s) of attorney-client privilege or work product immunity by making a motion to the Court.

17. The inadvertent failure by a Producing Party to designate Discovery Material as CONFIDENTIAL shall not be a waiver of such designation provided that the Producing Party promptly informs the Receiving Party that such Discovery Material is CONFIDENTIAL, and in any event not more than five (5) days from when the failure to designate first became known to the Producing Party. The inadvertent failure by a party to designate Discovery Material as CONFIDENTIAL shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The party receiving Discovery Material that the Producing Party inadvertently failed to designate as CONFIDENTIAL shall not be in breach of this Order for any use made of such Discovery Material before the Receiving Party is informed of the inadvertent failure to designate. Once the Receiving Party has been informed of the inadvertent failure to designate pursuant to this Paragraph, the Receiving Party shall take reasonable steps to, at the Producing Party's option, either ensure that all copies of any such Discovery Materials are returned promptly to the Producing Party or ensure that all copies of any such Discovery Materials are marked with the proper designation and distributed only as permitted under this Stipulated Protective Order.

18. In the event of disclosure of Discovery Material designated CONFIDENTIAL to any person not authorized to such access under this Stipulated Protective Order, the party responsible for having made such disclosure, and each party with knowledge thereof, shall

immediately inform counsel for the party whose Discovery Material has been disclosed of all known relevant information concerning the nature and circumstances of the disclosure. The party responsible for improperly disclosing such Discovery Material shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

## OBJECTION TO DESIGNATIONS

19. Any party may object to the designation by the Producing Party of any Discovery Material as CONFIDENTIAL. The process for making such an objection and for resolving the dispute shall be as follows:

(a) The objecting party shall notify the Producing Party in writing as to its objection(s) to the designations. This notice shall include, at a minimum, a specific identification of the designated Discovery Material objected to as well as the reason(s) for the objection.

(b) The objecting party shall thereafter have the burden of conferring either in person or by telephone with the Producing Party claiming protection, as well as any other interested party, in a good faith effort to resolve the dispute.

(c) Failing agreement, the objecting party may move the Court for a ruling that the Discovery Material sought to be protected is not entitled to such designation. The Producing Party bears the burden to establish that the Discovery Material is CONFIDENTIAL and entitled to such protection under this Stipulated Protective Order.

Notwithstanding any such challenge to the designation of Discovery Material as CONFIDENTIAL, all such Discovery Material so designated shall be treated as such and shall be subject to the provisions of this Stipulated Protective Order until either the party who

designated the Discovery Material as CONFIDENTIAL withdraws such designation in writing or the Court rules that the designation is not proper and that the designation be removed.

### RETURN/DESTRUCTION OF MATERIALS

20. Not later than sixty (60) days after the termination of this Action, all CONFIDENTIAL Discovery Material, including all copies thereof, shall be returned to the Producing Party or destroyed, such election to be made by the Receiving Party, except that each party's outside counsel may retain all papers filed with the Court, transcripts of testimony and exhibits, expert reports, discovery requests and responses, correspondence and their own work product containing CONFIDENTIAL information for archival purposes, and provided that such counsel shall not disclose any party's CONFIDENTIAL Discovery Material contained therein to any person or entity except pursuant to a written agreement with the Producing Party or as otherwise provided in this Stipulated Protective Order. Not later than seventy-five (75) days after the termination of this Action, the party receiving any CONFIDENTIAL Discovery Material shall certify in writing that all such material has been returned or destroyed.

### MISCELLANEOUS PROVISIONS

21. This Stipulated Protective Order is without prejudice to the right of any party to seek further or additional protection of Discovery Material for which the protection of this Order is not believed by such party to be adequate. Nothing in this Stipulated Protective Order shall be deemed to bar or preclude any Producing Party from seeking such additional protection, including, without limitation, an order that certain information may not be discovered at all.

22. The entry of this Stipulated Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery and, except as

expressly provided, shall not relieve any party of the obligation of producing information in the course of discovery.

23. If at any time CONFIDENTIAL Discovery Material is subpoenaed by any court, or any arbitral, administrative or legislative body, the person to whom the subpoena is directed shall immediately give written notice thereof to counsel for every party who has produced such CONFIDENTIAL Discovery Material and shall provide each such party with an opportunity to object to the production of such materials. If the Producing Party does not move for a protective order within five (5) business days of the date written notice is given, the party to whom the referenced subpoena is directed may produce, on or after the date set for production in the subpoena but not prior to the end of the five (5) business day notice period, such material in response thereto.

24. Counsel for any party to this Stipulated Protective Order shall have the right to exclude from depositions, other than the deponent, court reporter and videographer, any person who is not authorized under this Stipulated Protective Order to receive CONFIDENTIAL Discovery Material. Such right of exclusion shall be applicable only during periods of examination or testimony directed to CONFIDENTIAL Discovery Material. The failure of individuals other than those specified in the previous sentence to leave the deposition room during any portion of the deposition that inquires into matters deemed CONFIDENTIAL by the designating party shall constitute justification for counsel to instruct the witness not to answer the question.

25. All notices required by any paragraphs of this Stipulated Protective Order are to be made by e-mail to counsel representing the noticed party. The date by which a party receiving notice shall respond or otherwise take action shall be computed from the date of

1. receipt of the notice. Any of the notice requirements herein may be waived in whole or in part, but only in a writing signed by counsel for the Producing Party.

26. Nothing in this Stipulated Protective Order shall bar or otherwise restrict counsel from rendering advice to his or her client with respect to this Action and, in the course thereof, relying in a general way upon his or her examination of CONFIDENTIAL Discovery Material in this Action; provided, however, that in rendering such advice and in otherwise communicating with a person not entitled to view CONFIDENTIAL Discovery Material, counsel shall not disclose the contents of CONFIDENTIAL Discovery Material produced by any other party or non-party.

27. Execution of this Stipulated Protective Order shall not constitute a waiver of the right of any party to claim in this Action or otherwise that any document, or any portion thereof, is protected by the attorney-client privilege or work product immunity or is otherwise not discoverable or admissible in evidence in this Action or any other proceeding.

28. Each person or entity who receives CONFIDENTIAL Discovery Material agrees to subject himself or herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with or violation of this Stipulated Protective Order.

///
///
///
///
///
///

29. For purposes of this Stipulated Protective Order, "termination of this Action" is defined to mean the exhaustion of all appeals from orders and final judgments in this Action or the settlement of this Action.

IT IS SO STIPULATED.

Dated: November 4, 2011

| JONES VARGAS | WATSON ROUNDS |
|---|---|
| /s/ Justin J. Hasford | *with permission* |
| MOLLY MALONE REZAC, ESQ. | MICHAEL D. ROUNDS, ESQ. |
| JUSTIN J. BUSTOS, ESQ. | 5371 KIETZKE LANE |
| 300 East Second Street, Suite 1510 | Reno, NV 89511 |
| Reno, NV 89501 | Tel: (775) 324-4100 |
| Tel: (775) 786-5000 | Fax: (775) 333-8171 |
| Fax: (775) 786-1177 | |
| | B. JEFFERSON BOGGS, ESQ. |
| JAMES B. MONROE, ESQ. (*pro hac vice*) | MERCHANT & GOULD, PC |
| JUSTIN J. HASFORD, ESQ. (*pro hac vice*) | 1701 Duke Street, Suite 310 |
| FINNEGAN HENDERSON FARABOW | Alexandria, VA 22314 |
|   GARRETT & DUNNER, LLP | Tel: (703) 684-2500 |
| 901 New York Avenue, NW | |
| Washington, DC 20001-4413 | CHRISTOPHER J. SORENSON, ESQ. |
| Tel: (202) 408-4000 | MERCHANT & GOULD, PC |
| Fax: (202) 408-4400 | 3200 IDS Center |
| | 80 S. Eighth Street |
| *Attorneys for Plaintiff Ferring B.V.* | Minneapolis, MN 55402 |
| | Tel: (612) 332-5300 |
| | |
| | *Attorneys for Defendant Watson Laboratories, Inc. - Florida* |

**IT IS HEREBY ORDERED:**

_____
The Honorable Valerie P. Cooke
UNITED STATES MAGISTRATE JUDGE

Dated: November 8, 2011

# EXHIBIT A

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| FERRING B.V., | Case No.: 3:11-cv-00481-RCJ-VPC |
| Plaintiff, | |
| v. | **DECLARATION AND UNDERTAKING TO BE BOUND BY STIPULATED PROTECTIVE ORDER** |
| WATSON LABORATORIES, INC. - FLORIDA, | |
| Defendant. | |

I, _____, declare that:

1. My residence address is _____.

2. My current employer is _____ and the address of my current employment is _____.

3. My current occupation or job description is _____.

4. [Experts Only] A copy of my *curriculum vitae* is attached hereto.

5. I have received and read the Stipulated Protective Order in this Action dated _____, and I understand its provisions. I agree (a) to be bound by the terms of the Stipulated Protective Order, (b) to use CONFIDENTIAL Discovery Material solely for this action and (c) not to disclose any CONFIDENTIAL Discovery Material to any person,

firm, corporation or other entity not qualified to have access to such information pursuant to the terms of the Stipulated Protective Order.

6. Upon termination of this Action, I will destroy or return to retaining counsel all CONFIDENTIAL Discovery Material and summaries, abstracts and indices thereof that come in my possession, and documents of things that I have prepared relating thereto.

7. I hereby submit to the jurisdiction of the United States District Court for the District of Nevada for the purpose of enforcement of the Stipulated Protective Order. I understand that if I violate the provisions of the Stipulated Protective Order, I will be in violation of a Court Order and subject to sanctions or other remedies that may be imposed by the Court and may be liable in civil action by one or more of the parties in this Action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____       _____
            Date                                               Signature

## CERTIFICATE OF SERVICE

I certify that I am an employee of Jones Vargas, and that on this date, pursuant to FRCP 5 (b), I am serving a true copy of the attached **STIPULATED PROTECTIVE ORDER** on the parties set forth below by:

_____   Placing an original or true copy thereof in a sealed envelope placed for collection and mailing in the United States Mail, at Reno, Nevada, postage prepaid, following ordinary business practices

_____   Certified Mail, Return Receipt Requested

_____   Via Facsimile (Fax)

_____   Placing an original or true copy thereof in a sealed envelope and causing the same to be personally Hand Delivered

_____   Federal Express (or other overnight delivery)

__XX__   E-service effected by CM/ECF

addressed as follows:

Michael D. Rounds
5371 Kietzke Lane
Reno, NV 89511
mrounds@watsonrounds.com

Bruce Jefferson Boggs, Jr.
Merchant & Gould P.C.
1701 Duke Street, Suite 310
Alexandria, VA 22314
jboggs@merchantgould.com

Christopher J. Sorenson
Merchant & Gould P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
csorenson@merchantgould.com

DATED this 4th day of November, 2011.

/s/ Debbie Sorensen
An employee of Jones Vargas