# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| FERRING B.V., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 3:11-cv-00481-RCJ-VPC |
| vs. | ) | |
| | ) | |
| WATSON LABORATORIES, INC. - (FL) et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| FERRING B.V., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 3:11-cv-00485-RCJ-VPC |
| vs. | ) | |
| | ) | |
| APOTEX, INC. et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| FERRING B.V., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 3:11-cv-00853-RCJ-VPC |
| vs. | ) | |
| | ) | |
| WATSON PHARMACEUTICALS, INC. et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| FERRING B.V., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 3:11-cv-00854-RCJ-VPC |
| vs. | ) | |
| | ) | |
| APOTEX, INC. et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

These four related cases arise out of a company's application with the Food and Drug Administration ("FDA") to manufacture and sell generic versions of a patented drug. Pending before the Court are Plaintiff's Motions to Strike Affirmative Defense and Dismiss Counterclaim (ECF Nos. 27, 52 in Case No. '481; ECF No. 17 in Case No. '854). For the reasons given herein, the Court grants the motions, with leave to amend. Plaintiff has also filed two motions to strike improper surreplies. The Court grants those motions. Additionally, the Court will dismiss the '485 Case for improper claim splitting and consolidate the '853 and '854 Cases with the '481 Case, with the '481 Case as the lead case.[1]

## I.   FACTS AND PROCEDURAL HISTORY

These cases arise out of Defendant Watson Laboratory, Inc.'s ("Watson Labs") alleged infringement of Plaintiff Ferring B.V.'s ("Ferring") U.S. Patent No. 7,947,739 for tranexamic acid tablets sold under the trademark Lysteda® (the "'739 patent"). (*See* Compl. ¶¶ 13–17, July 7, 2011, ECF No. 1). Watson Labs has applied to the FDA for permission to manufacture and sell generic tranexamic acid tablets. (*See id.*).[2]

Ferring sued four Defendants in this Court on a single count of patent infringement. The Court approved the parties' stipulation that all Defendants except Watson Labs would be dismissed without prejudice, in exchange for the dismissed Defendants' consent to personal jurisdiction, consent to be bound by any judgments in the case, and consent to provide certain discovery. Watson Labs included a Counterclaim in its Answer. The second counterclaim is for a declaration that the '739 patent was invalid, and the Answer lists invalidity as an affirmative

---

[1] Unless otherwise noted, the docket numbers in this Order refer to Case No. 3:11-cv-00481.

[2] A second case, Case No. 3:11-cv-485, is already consolidated with the present case. The '485 Case is substantially identical to the present case but involves different Defendants. Ferring has filed a similar motion in the '485 Case (ECF No. 25), and the analysis herein applies equally to the '485 Case, unless otherwise noted.

defense, as well.  Ferring has moved to dismiss the counterclaims for invalidity and to strike invalidity as an affirmative defense.  Defendants oppose the motions and ask the Court in the alternative for leave to amend the answers and counterclaims.

## II. LEGAL STANDARDS

### A. Motions to Dismiss

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted.  A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.  However, material which is properly submitted as part of the

complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

  **B.** **Motions to Strike**

  "The court may strike from a pleading an insufficient defense . . . ." Fed. R. Civ. P. 12(f).

**III.** **ANALYSIS**

  **A.** **The Motions**

  "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979) (citing *Conley v. Gibson*, 355 U.S. 41, 47–48 (1957)). But there are differences between the respective pleading standards of claims and defenses under Rule 8. At least one district court has explicitly declined to apply the *Iqbal* standards to a Rule 12(f) motion, reasoning that *Iqbal* is based on the Supreme Court's reading of Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," but that the pleading standards for affirmative defenses under Rule 8(c) simply requires them to be "affirmatively state[d]." *See Bank of Beaver City v. Sw. Feeders, L.L.C.*, No. 4:10CV3209, 2011 WL 4632887, at *5–6 (D. Neb. Oct. 4, 2011). That court noted that the Eighth Circuit had found the bare

assertion of a statute of limitations defense to be sufficient. *See id.* at *6 (quoting *Zotos v. Lindbergh Sch. Dist.*, 121 F.3d 356, 361 (8th Cir. 1997) (quoting *Daingerfield Island Protective Soc'y v. Babbitt*, 40 F.3d 442, 445 (D.C. Cir. 1994))). An "affirmative state[ment]" need not contain facts making the defense plausible, as under *Iqbal*, because Rule 8(c) does not require a "showing," as does Rule 8(a), but an affirmative defense must at least fairly identify its legal theory. *See Tyco Fire Prods. LP v. Victaulic Co.*, 777 F. Supp. 2d 893, 900 (E.D. Pa. 2011) ("In light of the differences between Rules 8(a) and 8(c) in text and purpose, the Court concludes that *Twombly* and *Iqbal* do not apply to affirmative defenses. An affirmative defense need not be plausible to survive; it must merely provide fair notice of the issue involved.").

     As a matter of both fairness and efficiency, it seems improper to permit a defendant to force a plaintiff to choose between ambush at trial and needless preparation for a myriad of potential affirmative defenses consistent with a single broad affirmative defense in the answer. The purpose behind the contemporary reading of Rule 8(a) is to prevent a plaintiff from extorting a settlement from a defendant through the prospect of an expensive, detracted discovery process predicated on threadbare claims that would be seen to be legally insufficient if the circumstances of the alleged wrongdoing were even read, much less put to proof. This purpose would not be served by imposing a more detailed pleading standard for affirmative defenses, because a plaintiff against whom an affirmative defense is pled already desires to invoke the discovery process and does not aim to avoid it. A lesser efficiency-related purpose would be served, because a more stringent pleading standard for Rule 8(c) would save some costs by allowing a plaintiff to better focus some of his pretrial practice, including discovery. Still, because of the difference in language between Rules 8(a) and 8(c), the Court will leave it to the appellate courts to institute a plausibility standard for Rule 8(c). Judge Robreno's interpretation of Rule 8(c), that an affirmative defense need only "provide fair notice of the issue," is persuasive. *See Tyco Fire Prods. LP*, 777 F. Supp. 2d at 900. This standard saves the parties and the court some

1 amount of wasted effort in cases where a broadly stated affirmative defense can be divided into
2 distinct legal theories, not all of which necessarily apply, but it avoids the imposition of the
3 plausibility standard, which is based at least in part on the particular language of Rule 8(a)
4 requiring a "showing." *See Iqbal*, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)) (alteration
5 removed).

6   In the case of a statute of limitations, the plaintiff is on notice of the legal nature of the
7 defense without more, because a limitations period is a single theory. In the present consolidated
8 cases, however, the affirmative defense for "invalidity" is insufficient, because there exist
9 several distinct theories of "invalidity." Watson Labs has stated that "[t]he claims of the '739
10 patent are invalid for failure to comply with one or more of the provisions of the United States
11 Code, including, but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112." (*See* Answer 9, Sept.
12 20, 2011, ECF No. 15). The answer in the '485 Case identifies the same sections. This
13 affirmative defense would probably be sufficient with respect to sections 101, 103, and 112 of
14 the Patent Act if it were pled in the conjunctive (so that Ferring was on fair notice that it had to
15 prepare to meet each of these defenses and would not waste its time preparing to meet some
16 defenses that defendant does not intent to assert), but it is pled in the disjunctive, and even if
17 pled in the conjunctive it would not be sufficient with respect to section 102, which alone
18 contains several distinct theories of invalidity.[3] If it were pled in the conjunctive, Ferring would

---

[3] Plaintiff notes that another court of this District struck Watson Labs's affirmative defense for invalidity in its entirety in an unrelated case for failure to meet the plausibility standards. *See Duramed Pharm., Inc. v. Watson Labs., Inc.*, No. 3:08-CV-00116-LRH-RAM, 2008 WL 5232908, at *4 (D. Nev. Dec. 12, 2008). But the *Duramed* court cited *Wyshak* and a district court case from 2004, which were pre-*Twombly* cases. Those courts had no reason to examine the textual differences between Rules 8(a) and 8(c), because under the *Conley* interpretation of Rule 8(a) that prevailed at the time, neither rule required more than a bare assertion of a legal conclusion. Moreover, the affirmative defense in *Duramed* pointed only to "35 U.S.C. §§ 101 *et seq.*," *see id.*, which is insufficient even under the "fair notice of the issue" standard. Furthermore, the recently adopted Local Rules of Patent Practice specifically require a "detailed description of the factual and legal grounds for contentions" of non-infringement,

Page 6 of 9

1  properly be on notice that Watson Labs intended to argue that the '739 patent is invalid for being
2  unpatentable subject material, *see* 35 U.S.C. § 101, for being obvious, *see id.* § 103, and for
3  containing insufficient specifications, *see id.* § 112.  But it is pled in the disjunctive, so Ferring is
4  not on notice which of these legal theories Watson Labs truly intends to invoke.  Also, Watson
5  Labs's invocation of § 102 would not be an "affirmative state[ment]" of any particular defense
6  even if it had been pled in the conjunctive, because § 102 includes various theories of prior use,
7  prior patent, abandonment, and invention by another.  The Court will therefore grant the motion
8  to strike the affirmative defense, with leave to amend, but it will not require Defendants to plead
9  it with the specificity required for claims under Rule 8(a).  The Court will grant the motions to
10 dismiss the counterclaims, with leave to amend, because they do not include any facts
11 whatsoever making invalidity plausible as required by Rule 8(a).  The Court will also strike the
12 improper surreplies.

### B.     Consolidation and Claim Splitting

These four cases are partially redundant.  The '481 Case, filed on July 7, 2011, was originally assigned to Judge McKibben, who recused himself.  The random draw selected Judge Hicks, who indicated he could not accept the case.  This Court then reassigned the case to itself on July 11, 2011.  The '485 Case, filed on July 8, 2011, was originally assigned to Judge Hicks and was reassigned to this Court on July 27, 2011.  The '853 and '854 Cases, filed on November 25, 2011, were originally assigned to Judge Hicks and were reassigned to this Court on January 11, 2012.  The '481 and '485 Cases have been consolidated, with the '481 Case as the lead case.  The following table summarizes the related cases.  Some Defendants have been terminated; only those remaining are listed.

---

invalidity, etc. *See* L.R. Civil Prac. 16.1–8.

| No. | Defendants | Claims |
|---|---|---|
| '481 | Watson Laboratories, Inc. - Florida<br>Apotex, Inc.<br>Apotex Corp. | Infringement of '739 Patent for Lysteda® (tranexamic acid tablet formulations) |
| '485 | Apotex, Inc.<br>Apotex Corp. | (same) |
| '853 | Watson Pharmaceuticals, Inc.<br>Watson Laboratories, Inc.<br>Watson Laboratories, Inc. - Florida<br>Watson Pharma, Inc. | Infringement of '106 Patent for tranexamic acid tablet formulations and methods of treating menorrhagia therewith |
| '854 | Apotex, Inc.<br>Apotex Corp. | (same) |

The '485 Case will be dismissed for improper claim splitting. A suit is duplicative and should be dismissed for improper claim splitting if an earlier suit by the same plaintiff against the same defendant for the same claim is already pending such that the eventual adjudication of the previous suit would preclude the claim in the later-filed suit. *See Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688–89 (9th Cir. 2007). Here, the '485 Case is completely redundant with the '481 Case and will be dismissed under *Adams*. Although the other cases are clearly related, they do not violate the claim splitting rule. For example, although the '853 and '854 Cases are brought by the same Plaintiff for infringement of the '106 Patent, Defendants in those cases are different. And although Plaintiff has sued some of the same Defendants in the '481 Case as it has sued in the '853 and '854 Cases, the '481 Case is based upon the infringement of a different patent (the '739 Patent) than the '853 and '854 Cases.

///
///
///
///
///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motions to Strike Affirmative Defense and Dismiss Counterclaim (ECF Nos. 27, 52 in Case No. 3:11-cv-00481; ECF No. 17 in Case No. 3:11-cv-00853; ECF No. 17 in Case No. 3:11-cv-00854) are GRANTED, with leave to amend.

IT IS FURTHER ORDERED that the Motions to Strike (ECF Nos. 47, 62 in Case No. 3:11-cv-00481) are GRANTED.

IT IS FURTHER ORDERED that Case No. 3:11-cv-00485 is DISMISSED.

IT IS FURTHER ORDERED that the Motion to Clarify (ECF No. 27 in Case No. 3:11-cv-00854) is GRANTED.

IT IS FURTHER ORDERED that the Motion to Expedite (ECF No. 30 in Case No. 3:11-cv-00854) and the Motion to Strike (ECF No. 31 in Case No. 3:11-cv-00854) are DENIED.

IT IS FURTHER ORDERED that the Motions to Consolidate (ECF Nos. 69, 70, 90 in Case No. 3:11-cv-00481) are GRANTED.  Case Nos. 3:11-cv-00853 and 3:11-cv-00854 are CONSOLIDATED with Case No. 3:11-cv-00481, with Case No. 3:11-cv-00481 as the lead case.

IT IS FURTHER ORDERED that the Clerk shall enter the present Order into the dockets of all four cases, and all further filings shall be made in Case No. 3:11-cv-00481 only.

IT IS SO ORDERED.

Dated this 24th day of February, 2012.

_____
ROBERT C. JONES
United States District Judge