**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| **FERRING B.V.** | ) | |
| Plaintiff, | ) | **3:11-cv-00481-RCJ-VPC** |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| **WATSON LABORATORIES, INC. et al.,** | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | **July 11, 2012** |
| | ) | |

Before the court is defendant's motion to strike plaintiff's claim construction experts (#193).[1] Plaintiff filed an opposition (#196), and defendants replied (#202).  Upon thorough review of the motion, the court denies defendants' motion (#193).

## I.  FACTUAL & PROCEDURAL BACKGROUND

The subject of this dispute is whether plaintiff violated the local patent rules when it did not disclose claim construction experts until June 7, 2012, and whether the court should strike plaintiff's four claim construction experts.  Without providing an exhaustive case description, the court outlines basic facts, which are essential to understand the nature of the current dispute.

Ferring initiated the present patent infringement action against Watson Laboratory, Inc. *et al*. ("Watson"), alleging in its complaint that Watson's products infringe United States Patent number 7,947,739 ("the '739 patent") (#1).[2]  In its amended answer, defendant Watson asserted the affirmative defenses of noninfringement, invalidity, declaratory judgment of invalidity of the '739 patent, and declaratory judgment of invalidity of the '106 patent (#94).  Defendant Apotex also asserted the affirmative defenses of invalidity and declaratory judgment of invalidity of the '739

---

[1]       Refers to the court's docket number.

[2]       After the court's consolidation of a similar case against Apotex, this case also involves United States Patent number 8,022,106 ("the '106 patent").

1   patent (#93).  Defendants also filed several counterclaims against Ferring (#93, #94).

2           Pursuant to the court's scheduling order (#56) and Local Rule 16.1-13, on March 22, 2012,

3   the parties exchanged their positions regarding the terms of the '739 and '106 patents they believed

4   should be construed.  Ferring stated its position that the '739 and '106 patent claims should be

5   interpreted according to their plain and ordinary meaning and did not identify any terms for claim

6   construction (#196, Ex. 5).  Defendants disclosed the terms of the '739 and '106 patents they

7   believed should be construed by the court (#193, Ex. 1).

8           On April 23, 2012, the parties exchanged preliminary claim constructions and extrinsic

9   evidence pursuant to the court's scheduling order (#56) and Local Rule 16.1-14.  Watson proposed

10  that the claims of the '739 and '106 patents should be interpreted differently and more narrowly

11  than their plain and ordinary meanings and included a chart of the extrinsic evidence which

12  supported its constructions (#193, Ex. 5).  Watson cited to expert testimony and provided Ferring

13  with expert declarations.  Watson also stated that it "reserves the right to add to or amend the

14  evidence that it will rely on to support its proposed constructions."  *Id*. at 1.  Ferring provided

15  defendants with its preliminary claim constructions and stated that it "reserves the right to

16  supplement or modify these preliminary claim constructions and provide additional intrinsic or

17  extrinsic evidence at any time" (#193, Ex. 6, p. 3).  At this stage, Ferring did not rely upon or cite

18  to any expert extrinsic evidence but stated that it expected to provide percipient and expert witness

19  testimony "to the extent necessary and depending upon defendants' proposed constructions."  *Id*.

20  at p. 6

21          On June 7, 2012, the parties filed their Join Claim Construction Statement pursuant to the

22  scheduling order (#56) and Local Rule 16.1-15 (#187).  That day, Ferring notified defendants that

23  it would rely on the testimony of four experts for purposes of construing the claim terms at issue

24  from the viewpoint of a person of ordinary skill and included the experts' declarations (#184, #185,

25  #186, #188).  In the Joint Claim Construction Statement, Watson objected to Ferring's statement

26  of intent to rely on expert witnesses (#187).

27          Defendants filed the present motion to strike plaintiff's claim construction experts.

28

2

## II. DISCUSSION AND ANALYSIS

### A.      Discussion

The instant motion concerns the proper interpretation of Local Patent Rule 16.1-14 and whether Ferring is precluded from relying on expert witnesses that it did not disclose during Rule 16.1-14 disclosures.  Patent Rule 16.1-14 states that each party shall:

> (a)      Identify all references from the specifications or prosecution history that support its proposed construction and designate any supporting extrinsic evidence including, without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses. Extrinsic evidence shall be identified by production number or by producing a copy if not previously produced.  With respect to any supporting witness, percipient or expert, the identifying party shall also provide a description of the substance of that witness' proposed testimony that includes a listing of any opinions to be rendered in connection with claim construction.

Local Patent Rule 16.1-14(a).

Local Patent Rule 16.1-15(e) states that the parties shall submit to the court a Joint Claim Construction and Prehearing Statement which states "whether any party proposes to call one or more witnesses at the Claim Construction Hearing, the identify of each such witness, and for each witness, a summary of his or her testimony including, for any expert, each opinion to be offered related to claim construction."  Local Patent Rule 16.1-15(e).

### B.      Analysis

Defendants Watson and Apotex move to strike Ferring's claim construction experts and argue that the untimely disclosure of these expert witnesses violates the local patent rules and prejudices defendants (#193, p. 5).  Defendants claim that Ferring was required to disclose its expert witnesses during the exchange of preliminary claim constructions pursuant to Local Patent Rule 16.1-14. *Id*. at 6.  Defendants contend that they will have little chance to adequately prepare for and take these four expert depositions prior to the filing of their responsive claim construction briefs on July 23, 2012. *Id.* at 7.

Ferring opposes and argues that it fully complied with the Local Patent Rules, which provide for more detailed disclosure at each stage of the process (#196, p. 9).  Ferring claims that the defendants' extreme position that no further evidence may be provided beyond that disclosed in a party's preliminary claim constructions is contrary to the plain language of the local patent rules.

3

1  *Id*. at 11.  Ferring maintains that it reserved the right to supplement or modify its preliminary claim

2  constructions and provide additional intrinsic or extrinsic evidence.  *Id*.  Ferring further states that

3  it could not have provided complete expert declarations in its exchange of preliminary claim

4  constructions and extrinsic evidence because defendants failed to meaningfully meet and confer

5  about the claim construction positions they intended to raise in these cases.  *Id*. at 12.  Ferring also

6  cites to legal authority to support its position and argues that defendants have not established any

7  prejudice.

8       In reply, defendants argue that the cases plaintiff cites are distinguishable from the instant

9  dispute (#202, pp. 2-3).  They further state that they will suffer substantial prejudice.  *Id*. at 3.

10      The District of Nevada's local patent rules became effective on August 1, 2011.  As the local

11  patent rules have only been recently adopted, the court considers cases in other districts which have

12  interpreted similar local patent rules.  The Eastern District of Missouri has interpreted and applied

13  a local patent rule similar to the District of Nevada's Local Rule 16.1-14.[3]  In *Sigma-Aldrich, Inc. v.*

14  *Open Biosystems, Inc*., plaintiffs moved to preclude the defendant's expert witnesses from testifying

15  at the claims construction hearing.  243 F.R.D. 354 (E.D. Mo. 2007).  In that case, plaintiffs argued

16  that defendant violated the local patent rules when it failed to disclose any fact or expert witnesses

17  to support its preliminary claim constructions.  *Id*.  The court interpreted and applied Patent Rule

18  4-2(b), which is nearly identical to Local Patent Rule 16.-14, and held that the rule did not preclude

19  a party from later identifying an expert witness.  The court noted that the rule in question does not

20  say that the parties are bound by or limited to the preliminary identification they make under the

21  rule.  Here, Rule 16.1-14 also does not state that parties are bound by their preliminary disclosures.

22      The Northern District of California also interpreted and applied a similar local patent rule.

23  In *Reflex Packaging, Inc., v. Lenovo*, plaintiff did not provide an expert declaration detailing the

24  substance of an expert witness's testimony until the Joint Claim Construction Statement.  No. C 10-

25  _____

26      [3]    In their reply, defendants argue that the local patent rules in the Eastern District of Missouri
   are different than the District of Nevada's local patent rules because the preliminary disclosure requirement
27  in the Eastern District of Missouri requires only the disclosure of the expert and "brief description" of the
   substance of the expert's testimony (#202, p. 2).  For purposes of the instant dispute, the patent rule in the
28  Eastern District of Missouri is very similar to the requirement in Local Patent Rule 16.1-14.

4

1    01002, 2011 WL 7295479 (N.D.Cal. 2011).  The plaintiff did not even mention in its preliminary

2    disclosure that it intended to rely on expert testimony.  The preliminary claim construction rule in

3    that case, Local Patent Rule 4-2, is nearly identical to the District of Nevada's Local Patent Rule

4    16.1-14. *Id*. at *2.  The court denied defendant's motion to strike plaintiff's expert testimony and

5    determined that any prejudice "did not rise to the level of prejudice necessary to warrant striking

6    the testimony of plaintiff's expert." *Id*. at *3.

7         Striking a party's expert witness due to untimely disclosure is a severe sanction and is

8    appropriate only after considering the following factors: 1) the public's interest in expeditious

9    resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to the non-

10   offending party; 4) the public policy favoring disposition of cases on their merits; and 5) the

11   availability of less drastic sanctions. *Wendt v. Host Int'l Inc*., 125 F.3d 806, 814 (9th Cir. 1997);

12   *see also Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990).  Here, the risk of prejudice to

13   defendants does not warrant such a severe sanction against plaintiff.  There is no evidence of bad

14   faith on the part of the plaintiff, and defendants cite no legal authority in support of their position.

15        The court finds that the local patent rules in the District of Nevada are similar to those in

16   the two districts discussed above and denies defendants' motion to strike plaintiff's claim

17   construction experts.  Moreover, given the detrimental effect that such a ruling would have on

18   plaintiff's case, the court will not order such a severe sanction.

19                              **III. CONCLUSION**

20        Defendants have failed to show that the local patent rules require the court to strike

21   plaintiff's claim construction experts due to plaintiff's failure to disclose the witnesses during the

22   exchange of preliminary claim constructions and extrinsic evidence.  The court denies defendants'

23   motion to strike plaintiff's claim construction experts.  Moreover, defendants do not cite any legal

24   authority supporting their position.  The legal authority cited by plaintiff shows that other districts

25   have denied motions similar to the one presently before the court.

26

27

28

5

1    **IT IS THEREFORE ORDERED** that defendants' motion to strike Ferring's claim

2   construction experts (#193) is **DENIED**.

3    **IT IS SO ORDERED.**

4    **DATED:**   July 11, 2012.

5

6   _____

7   **UNITED STATES MAGISTRATE JUDGE**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28