**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| FERRING B.V., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 3:11-cv-00481-RCJ-VPC |
| vs. | ) | |
| | ) | |
| WATSON LABORATORIES, INC. - (FL) et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |
| FERRING B.V., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 3:11-cv-00485-RCJ-VPC |
| vs. | ) | |
| | ) | |
| APOTEX, INC. et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |
| FERRING B.V., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 3:11-cv-00853-RCJ-VPC |
| vs. | ) | |
| | ) | |
| WATSON PHARMACEUTICALS, INC. et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |
| FERRING B.V., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 3:11-cv-00854-RCJ-VPC |
| vs. | ) | |
| | ) | |
| APOTEX, INC. et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

These four consolidated cases arise out of Defendants' application with the Food and Drug Administration ("FDA") to manufacture and sell generic versions of a patented drug. Pending before the Court are Plaintiff's Motion for Clarification (ECF No. 102) and Motions to Dismiss Counterclaim (ECF Nos. 116, 121). For the reasons given herein, the Court grants the motion to clarify and denies the motions to dismiss.

## I.   FACTS AND PROCEDURAL HISTORY

These cases arise out of the alleged infringement of Plaintiff Ferring B.V.'s ("Ferring") U.S. Patent No. 7,947,739 for tranexamic acid tablets sold under the trademark Lysteda® (the "'739 Patent"), (*see* Compl. ¶¶ 13–17, July 7, 2011, ECF No. 1; Compl. ¶¶ 9–13, July 8, 2011, ECF No. 1 in Case No. 3:11-cv-00485), and the alleged infringement of Ferring's U.S. Patent No. 8,022,106 for tranexamic acid formulations and methods of treating menorrhagia therewith (the "'106 Patent"), (*see* Compl. ¶¶ 13–17, Nov. 25, 2011, ECF No. 1 in Case No. 3:11-cv-00853; Compl. ¶¶ 9–13, Nov. 25, 2011, ECF No. 1 in Case No. 3:11-cv-00854).[1] In the '481 and '485 Cases, respectively, Ferring sued several Watson Labs entities (collectively, "Watson Defendants") and several Apotex entities (collectively, "Apotex Defendants") in this Court for infringing the '739 Patent. In the '853 and '854 Cases, respectively, Ferring sued several Watson Defendants and Apotex Defendants in this Court for infringing the '106 Patent.

The Court consolidated the four cases, with the '481 Case as the lead case. It also granted motions to dismiss the counterclaims for invalidity and to strike affirmative defenses for invalidity in the '481 and '854 Cases, with leave to amend. The Court noted that the affirmative defenses need only identify a specific legal theory of invalidity under Rule 8(c) but need not be pled according to the *Iqbal* plausibility standard, as the counterclaims must be under Rule 8(a).

Watson Defendants and Apotex Defendants amended their answers and counterclaims,

---

[1] Unless otherwise noted, the docket numbers in this document refer to Case No. 3:11-cv-00481.

1  accordingly. (*See* ECF Nos. 93, 94).  Apotex Defendants later further amended its answer and
2  counterclaim. (*See* ECF No. 110).  Plaintiff has moved to dismiss the counterclaims, as amended.
3  (*See* ECF Nos. 116, 121).  The two motions to dismiss are substantively identical, except that
4  each is directed to a different set of Defendants.  Plaintiff has also asked the Court to clarify its
5  previous order.

6  **II.     LEGAL STANDARDS**

7        Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the
8  claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of
9  what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47
10 (1957).  Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action
11 that fails to state a claim upon which relief can be granted.  A motion to dismiss under Rule
12 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720
13 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for
14 failure to state a claim, dismissal is appropriate only when the complaint does not give the
15 defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell*
16 *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is
17 sufficient to state a claim, the court will take all material allegations as true and construe them in
18 the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th
19 Cir. 1986).  The court, however, is not required to accept as true allegations that are merely
20 conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden*
21 *State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action
22 with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation
23 is plausible, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009)
24 (citing *Twombly*, 550 U.S. at 555).
25       "Generally, a district court may not consider any material beyond the pleadings in ruling

on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

### III. ANALYSIS

First, Plaintiff has asked the Court to clarify its previous order. Plaintiff argues that in the previous order, the Court accidentally included Apotex Defendants as having also been sued under the '481 Case, and not only under the '485 Case. For this reason, the Court dismissed the '485 case for impermissible claim-splitting, because it appeared that Plaintiff had brought identical claims for infringement of the '739 Patent against Apotex Defendants in both the '481 and '485 Cases. Plaintiff asks whether the Court intended to transfer the claim for infringement of the '739 Patent against Apotex Defendants from the '485 Case to the '481 Case.

The Court clarifies that it meant to keep the claims against Apotex Defendants alive but believed based upon the docket that Apotex Defendants were also parties in the '481 Case itself. The electronic docket in the '481 Case listed Apotex Defendants as defendants because of the previous consolidation of the '481 and '485 Cases, but the electronic docket does not always delineate the parties by case number in consolidated cases. Rather than have Plaintiffs file an

1 amended complaint, the Court will reopen the '485 Case administratively, though all filings
2 should continue to be filed in the '481 Case only.

3     Next, Plaintiff moves to dismiss the counterclaims for invalidity, as amended. The Court
4 previously dismissed the invalidity counterclaims "because they do not include any facts
5 whatsoever making invalidity plausible as required by Rule 8(a)." (Order 7:10–11, Feb. 24,
6 2012, ECF No. 92). Watson Defendants have not filed entirely new pleadings, which is the
7 usual practice, but rather have filed amendments that refer to the existing pleadings. In their
8 First Amended Answer, Affirmative Defenses, and Counterclaims, Watson Defendants rely
9 entirely on reference to Exhibit A to the amendments for the factual basis of the counterclaim for
10 invalidity of the Patents based upon obviousness. (*See* Amendment 2:20–3:3, 3:21–26, Feb. 28,
11 2012, ECF No. 94). Watson Defendants then list other bases for invalidity in conclusory
12 fashion. (*See id.* 3:4–6, 4:1–3). Apotex Defendants' motion is substantially the same, but with
13 reference to the appropriate case numbers. Exhibit A includes allegations of obviousness based
14 upon certain patents and publications. Exhibit A includes detailed explanations, along with a
15 table, why Defendants believe the prior art identified renders certain claims of the '739 Patent
16 obvious. Exhibit A also includes an explanation of why Defendants believe the '739 Patent is
17 invalid for lack of written description, lack of enablement, and vagueness. The counterclaims
18 are sufficient under Rule 8(a).
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Clarify (ECF No. 102) is GRANTED and Case No. 3:11-cv-485 is administratively REOPENED. All filings shall continue to be filed in the present case only.

IT IS FURTHER ORDERED that the Motions to Dismiss (ECF Nos. 116, 121) are DENIED.

IT IS SO ORDERED.

Dated this 30th day of July, 2012.

_____
ROBERT C. JONES
United States District Judge