**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| FERRING B.V., <br><br> Plaintiff, <br><br> vs. <br><br> WATSON LABORATORIES, INC. - (FL) et al., <br><br> Defendants. | 3:11-cv-00481-RCJ-VPC <br><br> **ORDER** |
| FERRING B.V., <br><br> Plaintiff, <br><br> vs. <br><br> APOTEX, INC. et al., <br><br> Defendants. | 3:11-cv-00485-RCJ-VPC <br><br> **ORDER** |
| FERRING B.V., <br><br> Plaintiff, <br><br> vs. <br><br> WATSON PHARMACEUTICALS, INC. et al., <br><br> Defendants. | 3:11-cv-00853-RCJ-VPC <br><br> **ORDER** |
| FERRING B.V., <br><br> Plaintiff, <br><br> vs. <br><br> APOTEX, INC. et al., <br><br> Defendants. | 3:11-cv-00854-RCJ-VPC <br><br> **ORDER** |

These four consolidated cases arise out of Defendants' application with the Food and Drug Administration ("FDA") to manufacture and sell generic versions of a patented drug. Pending before the Court are five motions to seal, a motion for leave to file a reply, a motion to stay, and a motion for oral argument on a motion to compel.

## I.   FACTS AND PROCEDURAL HISTORY

These cases arise out of the alleged infringement of Plaintiff Ferring B.V.'s ("Ferring") U.S. Patent No. 7,947,739 for tranexamic acid tablets sold under the trademark Lysteda® (the "'739 Patent" or "Tablet Patent"), (*see* Compl. ¶¶ 13–17, July 7, 2011, ECF No. 1; Compl. ¶¶ 9–13, July 8, 2011, ECF No. 1 in Case No. 3:11-cv-00485), and the alleged infringement of Ferring's U.S. Patent No. 8,022,106 for tranexamic acid formulations and methods of treating menorrhagia therewith (the "'106 Patent" or "Formulas and Treatment Patent"), (*see* Compl. ¶¶ 13–17, Nov. 25, 2011, ECF No. 1 in Case No. 3:11-cv-00853; Compl. ¶¶ 9–13, Nov. 25, 2011, ECF No. 1 in Case No. 3:11-cv-00854).[1]  In the '481 and '485 Cases, respectively, Ferring sued several Watson Labs entities (collectively, "Watson Defendants") and several Apotex entities (collectively, "Apotex Defendants") in this Court for infringing the '739 Patent.  In the '853 and '854 Cases, respectively, Ferring sued several Watson Defendants and several Apotex Defendants in this Court for infringing the '106 Patent.

The Court consolidated the four cases, with the '481 Case as the lead case.  It also granted motions to dismiss the counterclaims for invalidity and to strike affirmative defenses for invalidity in the '481 and '854 Cases, with leave to amend.  The Court ruled that affirmative defenses must specify a distinct legal theory of invalidity under Rule 8(c) but need not be pled according to the *Iqbal* plausibility standard, as the counterclaims must be under Rule 8(a). Watson Defendants and Apotex Defendants amended their answers and counterclaims,

---

[1] Unless otherwise noted, the docket numbers in this document refer to Case No. 3:11-cv-00481.

accordingly. (*See* ECF Nos. 93, 94). Apotex Defendants later further amended its answer and counterclaim. The Court has denied motions to dismiss the amended counterclaims for invalidity. The Court has held a *Markman* hearing and issued a claim construction order.

## II.  DISCUSSION

Plaintiff asks the Court to seal: (1) its Objections (ECF No. 265) to the magistrate judge's order granting Defendants' motion to compel; (2) its Motion to Stay (ECF No. 267), which is also pending before the Court; (3) its Motion for Leave to File a Reply (ECF No. 275), which is also pending before the Court; and (4) that Reply (ECF No. 275-1) itself. Defendants ask the Court to seal their Response (ECF No. 272) to Plaintiff's previous motion to reconsider, as well as their Response (ECF No. 271) to Plaintiff's objections to the magistrate judge's order granting Defendants' motion to compel. The Court grants the five motions to seal the six pleadings, which have already been filed under seal.

Next, Plaintiff asks the Court to stay the magistrate judge's order granting Defendants' motion to compel until the Court resolves Plaintiff's objections thereto. Plaintiff also requests oral argument on its objections and leave to file a reply in support. These three motions are moot, as the Court has already ruled on the objections.

///
///
///
///
///
///
///
///
///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motions to Seal (ECF Nos. 264, 266, 270, 274, 276) are GRANTED. The documents requested to be sealed have already been filed under seal. No further action by the Clerk is required.

IT IS FURTHER ORDERED that the Motion to Stay (ECF No. 267), the Motion for Hearing (ECF No. 268), and the Motion for Leave to File a Reply (ECF No. 275) are DENIED as Moot.

IT IS SO ORDERED.

Dated this 25th day of March, 2013.

_____
ROBERT C. JONES
United States District Judge