# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| FERRING B.V., | 3:11-cv-0481-RCJ (VPC) |
| Plaintiff, | **ORDER** |
| vs. | |
| WATSON LABORATORIES, INC., et al., | |
| Defendant(s) | |

On October 17, 2012, this court granted the motion of defendants, Apotex, Inc., Apotex Corp., ("Apotex") and Watson Pharmaceuticals, Inc. – Florida's ("Watson") motion to compel production of unredacted documents relating to plaintiff, Ferring B.V.'s ("Ferring") life cycle management of Lysteda, including Ferring's development and plan to launch any alternative tranexamic acid formulations (#260). Ferring filed an objection to this court's order (#265) and Apotex and Watson responded (#271).

Ferring contended that the information this court compelled Ferring to produce is not discoverable because it is irrelevant to this patent infringement case. Ferring further argued that internal documents regarding the Abandoned Project are not relevant – and hence, not discoverable – because the patent owner's subjective beliefs about obviousness or non-obviousness are irrelevant to the issue (#306) (citations omitted). Defendants' position was that the sought-after documents might contain Ferring's subjective beliefs about obviousness or non-obviousness of the formulations presented in the Abandoned Project, but also objective, factual information that may tend to prove the obviousness or non-obviousness of the formulations presented by the Abandoned Project. *Id.* The District Court stated, "If Defendants' alleged infringing formulations are similar to the formulations represented by the

1  Abandoned Project, such objective, factual information is certainly relevant in the present case,
2  regardless of Plaintiff's subjective opinions that also appear in the documents are irrelevant and therefore
3  inadmissible." *Id.* However, the District Court recognized Ferring's legitimate concern in producing
4  internal assessments and strategies to a competitor. *Id.*

5  Based on this rationale, the District Court overruled this court's order in part and directed Ferring
6  "to submit the requested documents *in camera* to the magistrate judge, who will then identify irrelevant
7  materials concerning plaintiff's subjective assessments, business strategies, etc., and order Plaintiff to
8  produce to Defendants copies of the material as redacted by the magistrate judge, not as independently
9  redacted by Plaintiff." *Id.*

10  Under cover of a March 29, 2013 letter to this court, Ferring's counsel submitted two sets of the
11  same redacted pages. The first set consists of redacted versions of the documents as originally produced
12  to defendants. The second set consists of documents that have had all redactions removed in compliance
13  with the District Courts March 11, 2013 order (#306). The unredacted documents have the same bates
14  numbering as the original documents.

15  The court has reviewed the District Court's order, and it has conducted a page-by-page review
16  of the two sets of documents. This court concludes that all of the redactions concern Ferring's subjective
17  assessments and business strategies relating to the Abandoned Project. The redactions reveal no
18  objective information about the formulation of the Abandoned Project; therefore, it will not lead to the
19  discovery of admissible evidence in light of the District Court's order (#306). Based upon the foregoing,
20  Ferring will not be ordered to produce the redacted documents at issue.

21  Ferring's counsel is directed to make arrangements with Lisa Mann, Courtroom Administrator,
22  to retrieve the documents submitted to the court for *in camera* review.

23  **IT IS SO ORDERED.**
24  Dated April 23, 2013

_____
UNITED STATES MAGISTRATE JUDGE

2