GORDON SILVER
MOLLY M. REZAC, ESQ.
Nevada Bar No. 7435
Email: mrezac@gordonsilver.com
JUSTIN J. BUSTOS, ESQ.
Nevada Bar No. 10320
Email: jbustos@gordonsilver.com
100 W. Liberty Street
Suite 940
Reno, NV 89501
Tel: (775) 343-7500
Fax: (775) 786-0131

JAMES B. MONROE, ESQ. (*pro hac vice*)
PAUL W. BROWNING, ESQ. (*pro hac vice*)
JUSTIN J. HASFORD, ESQ. (*pro hac vice*)
FINNEGAN HENDERSON FARABOW
GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC 20001-4413
Tel: (202) 408-4000
Fax: (202) 408-4400

*Attorneys for Plaintiff Ferring B.V.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FERRING B.V.,<br><br>        Plaintiff,<br><br>    v.<br><br>WATSON LABORATORIES, INC. FLORIDA, APOTEX INC. and APOTEX CORP.,<br><br>        Defendants. | CASE NOs. 3:11-cv-00481-RCJ-VPC<br>Consolidated with:<br>11-cv-00485-RCJ-VPC<br>11-cv-00853-RCJ-VPC<br>11-cv-00854-RCJ-VPC<br>12-cv-01935-RCJ-VPC<br>12-cv-01941-RCJ-VPC<br><br>**FERRING'S UPDATED CASE MANAGEMENT REPORT** |

Pursuant to the Court's May 14, 2013 Minute Order, Plaintiff Ferring B.V. ("Ferring") respectfully submits the following Case Management Report, updating its previous submission of March 15, 2013 (D.I. 311).

Gordon Silver
Attorneys At Law
Suite 690
100 W. Liberty Street
Reno, NV 89501
(775) 343-7500

## I. Status of Discovery In Light of the New Scheduling Deadlines Set Forth in the Court's February 5, 2013 Order

### A. Current Status of Discovery

The parties are currently proceeding with expert discovery. The parties exchanged their opening round of expert reports on April 8, 2013. Based on Watson's request, the parties have agreed to exchange rebuttal expert reports on May 24, 2013, two days after the scheduled deadline of May 22, 2013, with a corresponding adjustment to the timing of reply expert reports. Other than this minor change, the parties are proceeding according to the present discovery schedule.

As stated in their prior Case Management Reports of March 14, 15 and 19, the parties agree that fact discovery in these consolidated actions is complete except for any supplementation of the parties' discovery responses. The parties also agree that the currently-pled issues in the new action asserting U.S. Patent No. 8,273,795 ("the '795 patent") will be litigated according to the schedule set forth in the Court's February 5, 2013 Minute Order.

### B. Contentions Under the Local Patent Rules

As indicated in the parties' previous Case Management Reports, the parties have agreed that, in light of the current expert discovery schedule, infringement contentions are redundant and therefore unnecessary with respect to the parties' claims and defenses concerning the newly-added '795 patent. Ferring and Apotex further agreed that the parties could update their respective infringement and validity contentions with respect to the other patents in suit, the '739 and '106 patents, to respond to the Court's *Markman* Order and also to account for new information learned during fact discovery. This agreement was memorialized in the parties' stipulated order of April 3, 2013, which the Court signed and docketed on May 17, 2013. *See*

Gordon Silver
Attorneys At Law
Suite 690
100 W. Liberty Street
Reno, NV  89501
(775) 343-7500

D.I. 319 and 338.  Watson, however, refused any similar agreement and insisted that any issues relating to supplementation of the parties' contentions be submitted to the Court.

In the parties' briefing concerning their supplemental contentions, Ferring noted that, among other things, its supplemental contentions were proper under the Local Rules in light of Watson's recent changes to its infringing product as well as its recent and ongoing production of information concerning that recently-changed product.  Watson did not dispute that it had recently produced new information relevant to Ferring's infringement claims, but attempted to minimize the significance of that information by contending that this production was 1357 pages, which it suggested was only a modest production.  Watson did not mention its production of newly-reformulated product samples in February and March, 2013.  *See* D.I. 330.

Significantly, the day after the parties completed their briefing on Ferring's motion to supplement its contentions, Watson belatedly revealed that it had product samples and documentation relating to 3 additional commercial batches of its infringing product that it had not previously disclosed.  *See* Ex. A.  As further discussed below, Watson is now contending it need not produce this admittedly relevant information or any further information concerning future batches of its infringing product.

C. <u>Supplemental Production Relating to Infringing Products</u>

The Court previously ordered that Watson and Apotex comply with their duties to supplement their productions relating to "manufacture of any future batches" of their generic tranexamic acid products.  *See* D.I. 161 at 2.  Until recently, it appears that Watson has complied with this order.  For example, in February, 2013, Watson produced the first product samples relating to its changed formulation.  As noted above, Watson had changed the formulation of its generic tranexamic acid product in a failed effort to alter its product characteristics to avoid

Gordon Silver
Attorneys At Law
Suite 690
100 W. Liberty Street
Reno, NV 89501
(775) 343-7500

infringement. The sample production in February, 2013, was Watson's first production of product samples reflecting these formulation changes. When Watson manufactured additional commercial batches of its product, Watson again produced samples in March, 2013. As noted above, however, Watson appears to have halted this production of samples during the pendency of the briefing of Ferring's motion to amend its infringement contentions, producing no product samples or related documentation during April, 2013. Then, on May 7, the day after briefing on Ferring's motion was complete, Watson notified Ferring that Watson had manufactured three additional commercial batches of its generic tranexamic acid product for which it had not produced any samples or documentation. Watson inquired whether Ferring would agree that Watson need not produce samples and batch records relating to these batches. Ferring responded that it could not agree.

This information is highly relevant to Ferring's infringement claims and, because there is significant and important variability among the various samples Watson has produced, this additional information is not cumulative to samples and documents previously produced. This is particularly so given that Watson has already changed its formulation once following the close of discovery in this action. Accordingly, there is no justification for Watson's request that the Court alter its current order with respect to Watson's duty to provide supplemental production relating to its new commercial batches.

D. Ferring's Damages Claims

As noted in the parties' prior Case Management Reports, Watson launched its generic tranexamic acid product on January 3, 2013. This launch thus occurred well after the submission of Ferring's Complaints in these consolidated actions and also long after the close of fact discovery. Given this timing and Ferring's interest in maintaining the current schedule and trial date, Ferring has not sought to amend its pleadings to add any damages claims at this time.

Attorneys At Law
Suite 690
100 W. Liberty Street
Reno, NV 89501
(775) 343-7500

4

Nevertheless, Ferring is concerned by Watson's suggestion that it need not retain and produce product samples relating to its commercial batches. Specifically, Ferring is concerned about the preservation of evidence relating to its damages claim.

During a meet and confer on May 14, 2013, counsel for Ferring informed counsel for Watson that it intended to pursue damages claims based on Watson's infringement and that Watson had a duty to preserve all relevant evidence. Counsel for Ferring also discussed with counsel for Watson how these claims might best be asserted without disrupting the current litigation schedule. In particular, the parties discussed options for postponing proceedings with respect to these new damages claims until after the parties have completed litigating the present liability claims. Ferring believes that the best approach would be to file a new Complaint asserting damages claims relating to actual and ongoing sales of Watson's generic product. Because these new damages claims will require Ferring and Watson to engage in significant additional fact and expert discovery, Ferring would seek to stay adjudication of those damages (accounting) claims until after the parties have completed litigating the current liability claims. Ferring is continuing to confer with counsel for Watson on this matter. While these discussions continue, however, Ferring welcomes the Court's guidance during the upcoming Status Conference as to the best procedural mechanism for staying these damages claims while avoiding any disruption in the litigation of the liability issues.

//

//

//

//

//

//

Gordon Silver
Attorneys At Law
Suite 690
100 W. Liberty Street
Reno, NV 89501
(775) 343-7500

5

DATED this 20th day of May, 2013.

                                        GORDON SILVER


                          By: /s/ Molly M. Rezac
                               GORDON SILVER
                               MOLLY M. REZAC, ESQ.
                               Nevada Bar No. 7435
                               Email:  mrezac@gordonsilver.com
                               JUSTIN J. BUSTOS, ESQ.
                               Nevada Bar No. 10320
                               Email:  jbustos@gordonsilver.com
                               100 W. Liberty Street
                               Suite 940
                               Reno, NV  89501
                               Tel:  (775) 343-7500
                               Fax:  (775) 786-0131

                               JAMES B. MONROE, ESQ. (*pro hac vice*)
                               PAUL W. BROWNING, ESQ. (*pro hac vice*)
                               JUSTIN J. HASFORD, ESQ. (*pro hac vice*)
                               FINNEGAN HENDERSON FARABOW
                               GARRETT & DUNNER, LLP
                               901 New York Avenue, NW
                               Washington, DC 20001-4413
                               Tel:  (202) 408-4000
                               Fax:  (202) 408-4400

                               *Attorneys for Plaintiff Ferring B.V.*

Gordon Silver
Attorneys At Law
Suite 690
100 W. Liberty Street
Reno, NV  89501
(775) 343-7500

# **CERTIFICATE OF SERVICE**

I certify that I am an employee of GORDON SILVER, and that on this date, pursuant to FRCP 5(b), I served true copies of the following **Updated Case Management Report** on the parties set forth below on May 20, 2013 via email to the following:

| | |
|---|---|
| Bruce Jefferson Boggs | lystedamerchant@merchantgould.com |
| Christopher J. Sorenson | lystedamerchant@merchantgould.com |
| Ian Scott | iscott@cozen.com |
| Kerry B. McTigue | kmctigue@cozen.com |
| Richard T. Ruzich | rruzich@cozen.com |
| James W. Bradshaw | jbradshaw@mcdonaldcarano.com |
| Lisa M. Wiltshire | lwiltshire@mcdonaldcarano.com |
| Michael D. Rounds | mrounds@watsonrounds.com |

DATED this 20th day of May, 2013.

　　　　　　　　　　　　　　　　　　　　　　/s/   Michelle Walsh
　　　　　　　　　　　　　　　　　　　　　　An employee of GORDON SILVER

Gordon Silver
Attorneys At Law
Suite 690
100 W. Liberty Street
Reno, NV 89501
(775) 343-7500

7