UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
BEFORE THE HONORABLE ROBERT C. JONES, DISTRICT JUDGE
---o0o---

| | | |
|---|---|---|
| FERRING B.V., | : | |
| | : | |
| Plaintiff, | : | No. 3:11-CV-481-RCJ-VPC |
| | : | 3:11-CV-485-RCJ-VPC |
| -vs- | : | 3:11-CV-854-RCJ-VPC |
| | : | 3:12-CV-1941-RCJ-VPC |
| WATSON LABORATORIES, | : | |
| INC.-FLORIDA, APOTEX, INC., | : | March 18, 2014 |
| and APOTEX CORP., | : | |
| | : | Reno, Nevada |
| Defendants. | : | |
| | : | |

TRANSCRIPT OF TELEPHONIC STATUS HEARING

APPEARANCES:

FOR THE PLAINTIFF: JUSTIN J. HASFORD and PAUL W. BROWNING, Attorneys at Law, Washington, D.C.

FOR DEFENDANT WATSON: MICHAEL D. ROUNDS, Attorney at Law, Reno, Nevada

CHRISTOPHER J. SORENSON, Attorney at Law, Minneapolis, Minnesota

Reported by: Margaret E. Griener, CCR #3, RDR, Official Reporter, 400 South Virginia Street, Reno, Nevada 89501

(Appearances continue on page 2.)

**APPEARANCES CONTINUED:**

| | |
|---|---|
| **FOR DEFENDANT WATSON:** | **BRUCE JEFFERSON BOGGS**<br>**Attorney at Law**<br>**Alexandria, D.C.** |
| **FOR DEFENDANT APOTEX:** | **JAMES W. BRADSHAW**<br>**Attorney at Law**<br>**Reno, Nevada** |
| | **BARRY P. GOLOB**<br>**and AARON LUKAS**<br>**Attorneys at Law**<br>**Washington, D.C.** |

**RENO, NEVADA, TUESDAY, MARCH 18, 2014, 10:06 A.M.**

**---o0o---**

**THE COURT: Good morning. We're on the record. This is Judge Jones in Ferring versus Apotex. Who is on the telephone, please?**

**MR. BROWNING: Good morning, your Honor. This is Paul Browning, counsel for Ferring B.V.**

**MR. HASFORD: Good morning, your Honor. Justin Hasford, also counsel for plaintiff Ferring B.V.**

**MR. BOGGS: Good morning, your Honor. This is Jeff Boggs representing Watson.**

**MR. SORENSON: Your Honor, this is Chris Sorenson representing Watson as well.**

**MR. ROUNDS: Michael Rounds for Watson as well. Good morning, your Honor.**

**THE COURT: Good morning.**

**MR. BRADSHAW: James Bradshaw for the Apotex defendants. Good morning.**

**MR. GOLOB: Good morning, your Honor. Barry Golob and Aaron Lukas from Cozen O'Connor representing the Apotex defendants.**

**THE COURT: Thank you.**

**As I understand it, we're here just to discuss the final language in the judgment regarding Apotex; is that**

**correct?**

**MR. BROWNING: Yes, your Honor. That's our understanding. This is Paul Browning.**

**THE COURT: I'm disapproving Apotex's proposed judgment. It's not what I wanted. So I'm going to prepare my own judgment.**

**And the way it will read, looking at Apotex's proposed judgment, it will have that first paragraph just as is, before "It is ordered and adjudged," semicolon, paragraph.**

**"The Court, having determined that the approved ANDA as originally filed was violative of the plaintiff's patents;" -- I'm going to rephrase that.**

**"Having found that Apotex's approved ANDA infringed the plaintiff's patents; Apotex, having stipulated to amend its ANDA request with the FDA, and the Court having acknowledged that that action moots the plaintiff's complaint with regard to the proposed ANDA amendment; it is therefore ordered and adjudged that, number one, this action is dismissed" -- I'm not going to say with prejudice because -- "this action is dismissed pursuant to the stipulation of Apotex made on the record and incorporated by reference and filed under seal.**

**"Number two, each party is to bear its own**

costs and attorney's fees."

That will be the way the judgment will read.

Other issues or concerns relative to that or other objections?

MR. BROWNING: Your Honor, this is Paul Browning.

Nothing from plaintiff's perspective.

MR. GOLOB: Your Honor, this is Barry Golob for Apotex.

Nothing from our perspective either.

THE COURT: Okay. How about Watson, did Watson need to discuss any of the items?

MR. SORENSON: Your Honor, this is Chris Sorenson speaking on behalf of Watson.

You know, of course, the same objections and the same position that we stated at our last hearing --

THE COURT: Sure.

MR. SORENSON: -- you know, apply. I mean --

THE COURT: Correct. Yes, you've preserved your record.

MR. SORENSON: Yeah. We believe that the status quo is the best position to keep the parties in as they proceed --

THE COURT: Right.

MR. SORENSON: -- with the appeal. But, you

know, other than everything that's already been said, your Honor, I don't think we have anything more.

THE COURT: Okay. Very good. Judgment will enter probably tomorrow. Thank you so much.

MR. GOLOB: Your Honor?

THE COURT: Sir.

MR. GOLOB: This is Barry Golob for Apotex.

We had sent also some documents relating to Apotex's supplement and the stipulation. Should we just file them as we had them originally, and then if you --

THE COURT: You lost me. I don't know what you're talking about. Are you talking about the new correspondence to the supplement?

MR. GOLOB: Yes, your Honor.

THE COURT: To the FDA?

MR. GOLOB: Yes, your Honor.

THE COURT: Is this the item that in essence is filed under seal?

MR. GOLOB: It is not filed under seal.

THE COURT: Do you want it filed under seal?

MR. GOLOB: No, what I filed under seal is the stipulation, but I'll deal with the new correspondence first.

What I had given to the Court was the language that we proposed, and then the red line in red is stuff that Ferring would like to add in that we don't want to add in.

THE COURT: Oh, okay.

MR. GOLOB: Sorry for the confusion.

THE COURT: All right. I didn't understand that to be at issue.

So I have it here in front of me. This is Apotex's correspondence.

MR. GOLOB: Right.

THE COURT: And the red line items are what plaintiff wanted added, correct?

MR. GOLOB: Yes, that we did not agree to.

There were other things that we did agree to and worked together, but this stuff we're at an impasse at.

THE COURT: Okay. So this one page, one page and a part of a paragraph letter is what we're dealing with.

And the first red line, in addition to Apotex's language, the original says,

"By way of CVE-0 supplement dated February 12, 2014, Apotex added an additional specification of NLT 75 percent in 45 minutes."

MR. GOLOB: Yes. That's all we want to say as well, your Honor, because the Court had told us at the last hearing specifically that we didn't have to put in here that -- we were not needing to put in that there was an infringement situation.

It was on page 15 of the hearing transcript where

you specifically said you're going to deny the request, you're not going to have a finding that it infringed for purposes of putting it into the --

THE COURT: Okay. I still don't understand the issue. The additional language sought is,

"By way of CVE-0 supplement, Apotex sought to amend its ANDA by adding an additional specification of NLT 75 percent in 45 minutes in response to the Court's findings at trial that based on its original dissolution specification its ANDA infringed Ferring B.V.'s patent rights."

And what's the matter with that language?

MR. GOLOB: Well, your Honor, we didn't seek to amend. We already amended. And when this issue was raised with you last week, you specifically said that we did not have to tell the FDA that the present ANDA infringed.

THE COURT: Why shouldn't you?

You just got it wrong. Nobody is saying that you did it fraudulently. You just got it wrong, that's all, and the Court said that the original ANDA infringed.

MR. GOLOB: The reason --

THE COURT: Is the FDA going to accuse you of miscertifying?

MR. GOLOB: No, they're not, but we had already amended. This is -- if you recall, your Honor, this is a

**correspondence to shore up the things that you were interested in which is mainly in the third paragraph.**

**The stuff that you were specifically -- when we had already served our original correspondence with the FDA, your concern was that we hadn't told the FDA that this was done pursuant to a court order and that you were going to enforce it, and that's what's in the third paragraph.**

**So we don't see the need for this additional stuff in the first two paragraphs.**

**MR. BROWNING: Your Honor, if I may briefly comment, in their prior submission, they stated to the FDA that the Court found no basis to conclude that any of Apotex's tranexamic acid tablets infringed the asserted claims.**

**Given that there's no -- nothing wrong with the language in this letter and it's consistent with the judge's -- your Honor's judgment, we think it makes sense to put it in to correct or balance out the record that's already before the FDA.**

**THE COURT: So here's how you'll rephrase the sentence in the second paragraph.**

**"The Court determined that Apotex's original approved ANDA infringes the plaintiff's patents, and Apotex has agreed in response thereto to obtain approval of an amended ANDA with additional limitations."**

We've already set those limitations out in the paragraphs above.

MR. BROWNING: That satisfies our concerns, your Honor, thank you.

THE COURT: Okay. So let's just make that one change.

So in the first paragraph we'll just leave it as "Apotex proposed" without the additional language, but in the second paragraph we'll change it in exactly the way that I suggested.

MR. GOLOB: Okay, your Honor.

THE COURT: Okay.

MR. GOLOB: And in the third paragraph, I guess we're fine with the "therefore has." I don't think we're going to argue about that.

But it says, "without first informing the Court," and the only concern I have about that is if the patents go invalid for some reason, not that we're ever going to change this, it doesn't make sense -- as I said before, if the car is working, why go get it fixed, but I don't know that first informing the Court is necessary.

THE COURT: Yeah, it is.

MR. GOLOB: Okay.

THE COURT: Because even if later somebody else gets a declaration of invalidity, of course, you still have a

judgment here you have to deal with. You have to ask the Court to set aside its judgment based upon the invalidity.

Let's say the PTO later determines on reconsideration that they're invalid, you still have a judgment here that you have to comply with, and you would need to approach me again and say, Judge, they're invalid, please -- therefore circumstances have changed, we make a motion to reopen and to reverse the judgment.

MR. GOLOB: Very good, your Honor. We'll do that.

And if we could look very quickly at the stipulation to get your guidance, there's just a few little possibilities.

THE COURT: Let's see if I can find the stipulation.

I'm sorry, I don't have it. Is it attached to either Ferring's or Apotex's objections or proposed judgments?

MR. GOLOB: Your Honor, we gave your clerk three documents, and it may be attached to the -- it may be the second and third page of the judgment. I'm not sure how it came to you.

THE COURT: Of the judgment.

MR. GOLOB: Is there a second and third page of stipulation regarding --

THE COURT: No, there's only a single page judgment.

MR. GOLOB: Okay. And there's not a separate stipulation? Because I know we e-mailed three documents to Carrie I believe was her name.

THE COURT: Yes. Oh, here it is. I'm sorry.

There is a separate document, and it's supposed to be separate, right, and filed under seal?

MR. GOLOB: Yes, correct, your Honor.

THE COURT: So we have simply incorporated it by reference, but we have sealed it, and it is to be filed separately.

MR. GOLOB: Exactly.

And I would suggest, your Honor, with respect to number one, because you didn't do the seeking to amend in the new correspondence, that we shouldn't do it here either; same issue in number one.

THE COURT: Who's speaking now?

MR. GOLOB: This is Barry Golob for Apotex.

MR. BROWNING: Your Honor, this is Paul Browning for Ferring.

The reason we proposed that is because, just as a technical matter, the FDA hasn't approved the supplement so the amendment hasn't actually taken place yet. So we wanted to make the document accurate, so that's why we proposed that.

MR. GOLOB: And again, your Honor, this is Barry Golob.

That's not true. The CVE-0 becomes automatic which is what we're going to discuss in number three below. This is a CVE-0, it is not a major change, and it becomes automatic --

THE COURT: In my mind it's a major change. So the language will stay in as proposed by plaintiff seeking to amend it, and down in paragraph 3, "and FDA approval of the foregoing supplement."

So that should remain as proposed amended.

MR. GOLOB: Okay. Your Honor, may I -- this is Barry Golob. May I respond to that?

THE COURT: Sure.

MR. GOLOB: Okay. So in the FDA guidance there are -- it's an exhibit of Watson's, Exhibit 1320. There's a paragraph called, B, Major Changes Prior Approval Supplement, and then there's a paragraph C, Moderate Changes Supplement Changes Being Effected.

A CVE-0 is specifically under the Moderate Changes, and if I could read to the Court --

THE COURT: Well, that's in error then.

In my mind, this is a major change. It produces a totally different result. In other words, without the change, an approved change by the FDA, your ANDA infringes.

If what you're proposing is just to represent to them that we're going to make a minor change by adding an additional limitation, you haven't satisfied the Court's

demand. This needs to be a change that is acknowledged and approved by the FDA.

MR. GOLOB: Okay, your Honor.

THE COURT: So that they understand, we understand, the world understands that if you sell something or offer for sale something or manufacture something that does not include that additional limitation, you're working under a non-approved ANDA.

MR. GOLOB: Okay, your Honor.

THE COURT: Okay.

MR. GOLOB: Thank you.

THE COURT: So does that mean that you have to change the particular supplement form that you're using?

MR. GOLOB: No, your Honor, it doesn't.

THE COURT: Okay. All right. Then we'll just leave the stipulation as stated here.

And you should notify the FDA that we are -- at least you should notify them that we are seeking your acknowledgment of this change as required by the Court, if not in addition and approval, at least we are seeking your acknowledgment of the change as required by the amendment as required by the Court.

MR. GOLOB: And, your Honor, once we get the acknowledgement, may we launch --

THE COURT: Yes.

**MR. GOLOB: -- once the judgment is entered?**

**THE COURT: In other words, if I'm satisfied, if you folks are satisfied that we have the additional limitation in place, then you're no longer violative, you don't infringe.**

**MR. GOLOB: Very good. Thank you, your Honor. That's all we have from Apotex.**

**THE COURT: What else? Anything else?**

**MR. BROWNING: Nothing from plaintiffs, your Honor, this is Paul Browning.**

**THE COURT: Okay. Thank you for your time today, and let's enter the judgments forthwith.**

**MR. GOLOB: Your Honor, would you like -- this is Barry Golob.**

**Do you want us to make the edits to the judgment and stipulation and forward them to you?**

**THE COURT: Why don't you. That will save me a little bit of time. Would you, please.**

**MR. GOLOB: Yes. And did you say you were going to sign them tomorrow if you were able to?**

**THE COURT: Yes.**

**MR. GOLOB: Okay. Thank you very much, your Honor.**

**THE COURT: Thank you, folks.**

**MR. GOLOB: We'll send them to you in Word format in case you decide to do something additional.**

THE COURT: Appreciate it so much.

MR. GOLOB: Thank you very much.

-o0o-

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

/s/Margaret E. Griener 3/18/2014
Margaret E. Griener, CCR #3, RDR
Official Reporter