# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| FERRING B.V., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 3:11-cv-00481-RCJ-VPC |
| vs. | ) | |
| | ) | |
| WATSON LABORATORIES, INC. - (FL) et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| FERRING B.V., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 3:11-cv-00485-RCJ-VPC |
| vs. | ) | |
| | ) | |
| APOTEX, INC. et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| FERRING B.V., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 3:11-cv-00853-RCJ-VPC |
| vs. | ) | |
| | ) | |
| WATSON PHARMACEUTICALS, INC. et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| FERRING B.V., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 3:11-cv-00854-RCJ-VPC |
| vs. | ) | |
| | ) | |
| APOTEX, INC. et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

These four consolidated cases arise out of Defendants' application with the Food and Drug Administration ("FDA") to manufacture and sell generic versions of a patented drug. Plaintiff recently filed a Motion for All Sealed Documents Associated with the Judgment Against Watson Laboratories, Inc. - Florida. (ECF No. 534) in which it requested that the Court email further written findings and conclusions to the parties, as well as any sealed documents related thereto. The Court denied the motion, noting that it had entered its detailed oral findings after trial and indicated that they controlled. The Court had also solicited separate proposed judgments from the parties (after trial and several follow-on hearings) as to Watson Defendants and Apotex Defendants, and the Court had entered those judgments. The aggrieved parties in each case had filed notices of appeal, and the Court of Appeals had docketed those appeals. The Court therefore ruled that it had no jurisdiction to enter further findings or conclusions.

Plaintiff has asked the Court to reconsider based on *Hybritech Inc. v. Abbott Labs.*, 849 F.2d 1446, 1450 (Fed. Cir. 1988). Plaintiff argues that *Hybritech* permits a district court to enter further findings of fact and conclusions of law where it has expressly stated that it would do so, as here, even after the Federal Circuit has docketed an appeal such that jurisdiction is otherwise lost in the district court. Watson Defendants argue in response that the Federal Circuit was clear in *Hybritech* that the practice is only permitted where a district court expressly notes on the record that its oral findings do not control, and in this case, the Court noted that its oral findings controlled.

The Court agrees with Watson Defendants. The *Hybritech* court began by noting that the law of the relevant regional circuit (in *Hybritech*, as here, the Ninth Circuit) controlled the procedural issue, and that the Ninth Circuit Court of Appeals permitted the practice where it aided the Court of Appeals in its review. *See id.* at 1449–50 & n.7 (citing *In re Thorp*, 655 F.2d

997, 998 (9th Cir. 1981)).[1]  The court then noted that "the district court made perfectly clear its intent that the oral findings of facts and conclusions of law did not constitute the district court's formal findings and conclusions" and that "the reduction of the oral ruling into written findings and conclusions aids our review, and, on this basis, that the Ninth Circuit would hold, if faced with the circumstances of this case, that Abbott's filing of its notice of appeal did not divest the district court of jurisdiction to subsequently enter its written findings of facts and conclusions of law." *Id.* at 1450.  By contrast here, the Court noted that its oral rulings controlled and requested proposed written findings consistent with those oral rulings (*see* Trial Tr. 1712:17–23, ECF No. 506, at 157 ("What you'll do is you'll draft findings and conclusions consistent with my findings.  You'll pass by counsel.  You'll have a further opportunity for a hearing if you want it to say we need an additional finding or we want to strike that finding, that's not what the Court said, or we want a finding of our own.  You'll have an opportunity for a hearing if you so choose.")), and it has entered judgment.  The Court's oral findings are available in the record.  Plaintiff submitted its proposed findings. (*See* ECF No. 472).  The Court then held a hearing concerning, *inter alia*, objections to those proposed findings. (*See* ECF No. 498).  The Court then held a second, telephonic hearing concerning objections to the proposed findings and instructed counsel to submit a proposed judgment conforming to the Court's rulings.  The Court then entered separate

---

[1] The *In re Thorp* court mentioned the exception to the rule just as briefly as the *Hybritech* court. *See In re Thorp*, 655 F.2d at 998 ("The district court is divested of authority to proceed further with respect to such matters, except in aid of the appeal, or to correct clerical mistakes, or in aid of execution of a judgment that has not been superseded, until the mandate has been issued by the court of appeals."). *In re Thorp* cited to another case, which in turn had cited to a treatise. *See id.* (citing *G&M, Inc. v. Newbern*, 488 F.2d 742, 746 (9th Cir. 1973) (citing 9 Moore, Federal Practice, ¶ 203.11 (2d ed. 1971))). *In re Thorpe* did not address the substantive standard for when a post-appeal ruling by a district court would "aid the appeal." It merely recited the exception as part of the standard. *G&M*, however, addressed the standard briefly. In that case, the Court of Appeals reversed a district judge's ruling on a motion for discovery sanctions after the appeal had been docketed, because it had nothing to do with aiding the Court of Appeals on appeal. *See G&M, Inc.*, 488 F.2d at 746.

judgments as to Apotex Defendants and Watson Defendants. Each judgment has been appealed. Plaintiff did not submit reformed proposed findings conforming to the Court's comments at the oral and telephonic hearings before the Court entered judgment.

In summary, all of the Court's findings are in the record and have been transcribed. Although a formal findings of fact and conclusions of law might aid the Court of Appeals to some degree, i.e., it would prevent the Court of Appeals having to read the transcript, which is presumably lengthier than a written findings of fact would be, the Court finds that the aid rendered to the Court of Appeals would in all likelihood be outweighed by the delay of granting the motion. Whether drafted by the Court or the parties, a formal findings of fact in this case would be at least as lengthy as the oral findings given at trial, and it is clear the parties would further litigate the accuracy of either proposed findings of fact as authored by one of the parties or the findings of fact as authored by the Court, as well as the correctness of the findings, even if correctly transcribed. The Court believes it is best in this case to allow the existing record speak for itself.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Reconsider (ECF No. 543) is DENIED.

IT IS FURTHER ORDERED that the Motion to Seal (ECF No. 544) IS GRANTED.

IT IS SO ORDERED.

Dated this 26th day of August, 2014.

_____
ROBERT C. JONES
United States District Judge