1

2

3

4

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

5   FERRING B.V.,                                    )
                                                     )
6                  Plaintiff,                        )
                                                     )          3:11-cv-00481-RCJ-VPC
7          vs.                                       )
                                                     )
8   WATSON LABORATORIES, INC. - (FL) et al.,         )          **ORDER**
                                                     )
9                  Defendants.                       )
    _____             )
10  FERRING B.V.,                                    )
                                                     )
11                 Plaintiff,                        )
                                                     )          3:11-cv-00485-RCJ-VPC
12         vs.                                       )
                                                     )
13  APOTEX, INC. et al.,                             )          **ORDER**
                                                     )
14                 Defendants.                       )
    _____             )
15  FERRING B.V.,                                    )
                                                     )
16                 Plaintiff,                        )
                                                     )          3:11-cv-00853-RCJ-VPC
17         vs.                                       )
                                                     )
18  WATSON PHARMACEUTICALS, INC. et al.,             )          **ORDER**
                                                     )
19                 Defendants.                       )
    _____             )
20  FERRING B.V.,                                    )
                                                     )
21                 Plaintiff,                        )
                                                     )          3:11-cv-00854-RCJ-VPC
22         vs.                                       )
                                                     )
23  APOTEX, INC. et al.,                             )          **ORDER**
                                                     )
24                 Defendants.                       )
    _____             )
25

1    These consolidated cases arise out of Defendants' application with the Food and Drug

2    Administration ("FDA") to manufacture and sell generic versions of a patented drug.  Pending

3    before the Court are the parties' respective Bills of Costs (ECF Nos. 531, 555).

4    **I.    FACTS AND PROCEDURAL HISTORY**

5    These cases arise out of the alleged infringement of Plaintiff Ferring B.V.'s ("Ferring")

6    U.S. Patent No. 7,947,739 for tranexamic acid tablets sold under the trademark Lysteda® (the

7    "'739 Patent" or "Tablet Patent"), (*see* Compl. ¶¶ 13–17, July 7, 2011, ECF No. 1; Compl. ¶¶

8    9–13, July 8, 2011, ECF No. 1 in Case No. 3:11-cv-00485), and the alleged infringement of

9    Ferring's U.S. Patent No. 8,022,106 for tranexamic acid formulations and methods of treating

10   menorrhagia therewith (the "'106 Patent" or "Formulas and Treatment Patent"), (*see* Compl. ¶¶

11   13–17, Nov. 25, 2011, ECF No. 1 in Case No. 3:11-cv-00853; Compl. ¶¶ 9–13, Nov. 25, 2011,

12   ECF No. 1 in Case No. 3:11-cv-00854).[1]  In the '481 and '485 Cases, respectively, Ferring sued

13   several Watson Labs entities (collectively, "Watson Defendants") and several Apotex entities

14   (collectively, "Apotex Defendants") in this Court for infringing the '739 Patent.  In the '853 and

15   '854 Cases, respectively, Ferring sued several Watson Defendants and several Apotex

16   Defendants in this Court for infringing the '106 Patent.

17   The Court consolidated the four cases, with the '481 Case as the lead case.  It also granted

18   motions to dismiss the counterclaims for invalidity and to strike affirmative defenses for

19   invalidity in the '481 and '854 Cases, with leave to amend.  The Court ruled that affirmative

20   defenses must specify a distinct legal theory of invalidity under Rule 8(c) but need not be pled

21   according to the *Iqbal* plausibility standard, as the counterclaims must be under Rule 8(a).

22   Watson Defendants and Apotex Defendants amended their answers and counterclaims,

23   accordingly. (*See* ECF Nos. 93, 94.)  Apotex Defendants later further amended their answer and

24   _____

25   [1]Unless otherwise noted, the docket numbers in this document refer to Case No. 3:11-cv-
00481.

counterclaim.  The Court denied motions to dismiss the amended counterclaims for invalidity.

The Court held a *Markman* hearing and issued a claim construction order.  The Court held a

bench trial and gave its findings of fact and conclusions of law from the bench.  The Court

entered judgment in favor of Plaintiff on its claims of infringement against Watson Defendants

and against Watson Defendants on their counterclaims of invalidity.  The Court of Appeals

reversed as to the infringement claims but affirmed as to the invalidity counterclaims.  Both

parties have asked the Court for costs.

## II.   LEGAL STANDARDS

"Unless a federal statute, these rules, or a court order provides otherwise, costs—other

than attorney's fees—should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1).  Where

both parties have prevailed in part, the district court may require that they bear their own costs.

*See Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1996) ("In the event of a mixed judgment,

however, it is within the discretion of a district court to require each party to bear its own

costs."); *Brunswick-Balke-Collender Co. v. Am. Bowling & Billiard Corp.*, 150 F.2d 69, 74 (2d

Cir. 1945) ("The court below denied costs to either side.  On appeal, Brunswick has prevailed on

the Clayton Act and trademark issues; American has prevailed on the question of the validity of

the patent.  We think it appropriate, therefore, that neither side be awarded the costs of the appeal

and that the district judge's decision as to costs in the court below be affirmed.").

## III.   ANALYSIS

Plaintiff asks for over $365,000 in costs, and Watson Defendants ask for over $277,000.

The Court adopts Plaintiff's alternative argument that this is a mixed-judgment case where the

parties should bear their own costs.  Watson Defendants prevailed against the infringement

claims (although they amended their ANDA in the course of litigation, such that Plaintiff did

achieve some small measure of success through its infringement claims), and Plaintiff prevailed

against the invalidity counterclaims.  Both victories were significant.  Watson Defendants' loss

on Plaintiff's infringement claims would have resulted in significant monetary damages and an injunction preventing future sales, and Plaintiff's loss on Watson Defendants' invalidity counterclaims would have resulted in increased competition against Plaintiff's patented products by Watson Defendants and others, resulting in lost sales and reduced prices as to its remaining market share.  The Court in its discretion will award costs to neither party.

**CONCLUSION**

IT IS HEREBY ORDERED that the Bills of Costs (ECF Nos. 531, 555) are DENIED.

IT IS SO ORDERED.

Dated this 30th day of December, 2014.

_____
ROBERT C. JONES
United States District Judge